UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHEEM DAVIS,

                Plaintiff,

-against-

PRESIDENT DONALD TRUMP, et al.,

                Defendants.

25-CV-2101 (LTS)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

       Plaintiff Raheem Davis, also known as Raheen Davis, files this action *pro se* against Defendants President Donald Trump; U.S. Attorney General; former Presidents George W. Bush, Joe Biden, and Barack Obama; and United States Supreme Court. Davis, who is currently incarcerated at USP Florence, in Florence, Colorado, filed a request to proceed *in forma pauperis* ("IFP"), which the Court granted on April 17, 2025. The Court has since learned, however, that Davis is barred from filing any new action IFP while he is a prisoner. *See Davis v. United States*, ECF 1:10-CV-0940, 6 (S.D.N.Y. Apr. 15, 2010). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[1]

---

[1] The Court has conducted its own inquiry to confirm that Davis has accrued three strikes. *See Escalera v. Samaritan Village*, 983 F.3d 380, 382-84 (2d Cir. 2019). Although the Court cannot conclude that the actions relied on in *Davis I* all qualify as strikes under current case law, because the order listing those actions is not available electronically, the Court has identified at least three actions or appeals that qualify as strikes: (1) *Davis v. United States*, No. 10-1462-pr (2d Cir. Aug. 3, 2010) (dismissing appeal as frivolous "because it lack[ed] an arguable basis in law or fact"); (2) *Davis v. Lindsay*, No. 09-4925-pr (2d Cir. Apr. 20, 2010) (same); (3) *Davis v.*

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[2] Instead, Plaintiff's allegations concern alleged conspiracies involving four presidents. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Court revokes Plaintiff's IFP status and directs the Clerk of Court to vacate the April 17, 2025 order granting Plaintiff's IFP application. The Court dismisses the complaint without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[3] Plaintiff remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury.[4] *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal.

---

*Killen*, No. 09-2196-pr (2d Cir. Oct. 9, 2009) (same); (4) *Davis v. Obama*, No. 16-CV-3493 (W.D. Mo. Jan. 11, 2017) (dismissing complaint as legally frivolous).

[2] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[3] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[4] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fee is paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 22, 2025
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge