UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAHEEM DAVIS,

                Plaintiff,

          -against-

PRESIDENT DONALD TRUMP; U.S. ATTORNEY GENERAL; GEORGE W. BUSH; JOE BIDEN; BARACK OBAMA; U.S. SUPREME COURT,

                Defendants.

25-CV-2101 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is incarcerated in the Medical Center for Federal Prisoners, in Springfield, Missouri, filed this action *pro se* and *in forma pauperis* ("IFP"). On July 23, 2025, the Court dismissed the complaint as barred under 28 U.S.C. § 1915(g) because Plaintiff previously filed three actions proceeding IFP, and as a prisoner, that were dismissed as frivolous, malicious, or for failure to state a claim. On August 12, 2025, Plaintiff filed a motion for reconsideration arguing that he satisfies Section 1915(g)'s requirement that, to bring a new action proceeding IFP, the complaint must assert claims showing that he faces an imminent danger of serious physical injury.

      The Court liberally construes this submission as a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) and a motion for relief from a judgment or order under Fed. R. Civ. P. 60(b). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) (noting that the solicitude afforded to *pro se* litigants takes a variety of forms, including liberal construction of papers, "relaxation of the limitations on the amendment of pleadings," leniency in the enforcement of other procedural rules, and "deliberate, continuing efforts to ensure that a pro se litigant understands what is

required of him" (citations omitted)). After reviewing the arguments in Plaintiff's submission, the Court denies the motion.

## DISCUSSION

**A.    Motion to Alter or Amend the Judgment under Fed. R. Civ. P. 59(e)**

A party who moves to alter or amend a judgment under Fed. R. Civ. P. 59(e) must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206 (S.D.N.Y. 2009) ("A motion for reconsideration is not an invitation to parties to 'treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.'" (internal quotation and citations omitted)).

A motion filed under Fed. R. Civ. P. 59(e) "must be filed no later than 28 days after the entry of the judgment." *Id.* Plaintiff has failed to demonstrate that the Court overlooked any controlling decisions or factual matters with respect to the dismissed action. The Court therefore denies Plaintiff's motion under Fed. R. Civ. P. 59(e).

**B.    Motion for Reconsideration under Fed. R. Civ. P. 60(b)**

Under Fed. R. Civ. P. 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called

> intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Fed. R. Civ. P. 60(b) apply. Therefore, the motion under any of these clauses is denied.

To the extent that Plaintiff seeks relief under Fed. R. Civ. P. 60(b)(6), the motion is also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted).

Plaintiff has failed to demonstrate that extraordinary circumstances exist to warrant relief under Fed. R. Civ. P. 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). Plaintiff states in his motion that he is

> being stabbed with hologram swords by a military satellite that the U.S. Government (Federal Reserves) have on me. Also, I am a hostage! The President Donald Trump is authorizing me to be stabbed for a cooperation agreement. . . . I am unable to go to the law library or read because Trump said so. If I don't do what he say I get tortured.

(ECF 16, at 3.) These fanciful allegations do not show that Plaintiff faces an imminent danger of physical injury. Rather, these allegations show that Plaintiff seeks to advance the same frivolous

allegations he pleaded in his submissions filed in this action.[1] *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). ("[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible."); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless' − that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" (quoting *Denton*, 504 U.S. at 32-33)). Accordingly, the Court denies Plaintiff's motion for reconsideration.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF 16) is denied. The Clerk of Court is directed to terminate all motions in this action and enter a civil judgment in this action. This action is closed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: September 9, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

---

[1] For example, in Plaintiff's amended complaint, filed after this action was closed, Plaintiff alleges that the past four U.S. Presidents, as well as the U.S. Supreme Court, seek "authority [over] the U.S. military to stab me, in my [illegible] (cell) for July 30, 2025 motion." (ECF 18, at 1.)